**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CR-00019-WLS-ALS |
| | : | |
| BRADY HART, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Before the Court is the Government's unopposed motion to declare this case complex, continue trial, extend the deadlines in the pretrial order, and specially set the trial date. (Doc. 29.) For the reasons discussed below the motion is **GRANTED**.

## I. Procedural Background

On July 14, 2026, the Government filed a three-count indictment against Defendants Brady Hart and Nicholas Fernandez. (Doc. 1.) Counts I and II charge each defendant with Sex Trafficking of a Child and Kidnapping. (*Id.* at 1–2.) Count III charges Hart with Transportation of a Minor with Intent to Engage in Criminal Sexual Activity. (*Id.* at 2–3.)

Fernandez was arrested in the Northern District of Georgia on July 20, 2026. (Doc. 29 ¶ 1.) On July 22, 2026, after an initial appearance under Federal Rule of Criminal Procedure 5(c)(3), Fernandez was ordered detained pending trial and appeared before this Court on August 27, 2026. (*Id.*) Hart was arrested in the District of Maryland on July 31, 2026. (*Id.*) After a hearing under Rule 5(c)(3), Hart was placed on pretrial release and appeared before this Court on August 27, 2026. (*Id.*) Neither Defendant opposes the Government's motion. (*Id.* ¶ 9.)

## II. Motion to Declare Case Complex

The Government moves to declare this case complex under 18 U.S.C. §§ 3161(h)(7)(B), extend the time to file pretrial motions, extend the deadline to serve discovery by sixty dates, and specially set the matter for trial during the May 2027 trial term. (*Id.* ¶ 10.)

The Speedy Trial Act permits a district court to continue the trial so long as the court finds that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, and whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Here, the Court finds that this case is complex and that the ends of justice served by ordering a continuance under 18 U.S.C § 3161(h)(7)(B) outweigh the best interest of the public and the Defendants in a speedy trial. The court finds this case complex for two main reasons.

First, because of the nature of the charges and the investigation, discovery in this case is voluminous. The investigation into Defendants' alleged conduct spanned several years across multiple states and involved numerous law enforcement agencies. (*Id.* ¶ 3.) The "investigation also involved the execution of multiple search warrants on social media accounts, and electronic devices seized from both Defendants and the named victim in the case." (*Id.*) The Government therefore anticipates that it will require more time to produce the discovery materials than the Pretrial Order prescribes. (*Id.* ¶ 4.) The Government also anticipates that the defense will need "a significant period of time" to review all the discovery and meaningfully prepare a defense. (*Id.* ¶¶ 5, 7.) Second, the Government estimates that a trial in this matter would take approximately two weeks, not including defense or rebuttal witnesses. (*Id.* ¶ 6.)

For good cause shown, the Government's motion to declare the case complex (Doc. 29) is **GRANTED**. The above-captioned matter is **CERTIFIED COMPLEX**. It is therefore **ORDERED** that the matter be **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the reasons discussed above. As a result, the pretrial conference set for Tuesday, October 6, 2026, at 3:00 P.M. is **CANCELLED** and other deadlines set out in the above case are hereby **CONTINUED** beyond the time limitations set by the Speedy Trial Act. The

deadline to serve discovery material in this case is **EXTENDED** by a period of **sixty days**, and this case is continued to the Court's **May 2027 trial term**.

The parties are hereby **ORDERED** to meet and confer no later than **thirty days** after the filing of this Order. Counsel shall prepare a joint proposed discovery order to govern discovery and relevant deadlines and submit the same to the Court no later than **Monday, November 9, 2026**. Thereafter, if necessary, the Court will notice a discovery conference by separate order. A special trial date will be set following the status conference or as may otherwise be ordered by the Court.

**SO ORDERED**, this 15th day of September, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**